UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Kenneth Subala** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | CIVIL NO. : 1:17-CV-862 |
| | § | |
| | § | |
| **Life Insurance Company** | § | |
| **of North America** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Kenneth Subala, Plaintiff herein, complaining of Life Insurance Company of North America, (hereinafter referred to as "LINA"), and for cause of action would show:

1.    Plaintiff is a resident of Farmington, Oakland County, Michigan.  At the time of the adverse claim determination made the basis of this suit, he was a resident of Manor, Travis County, Texas.

2.    Defendant, Life Insurance Company of North America ("LINA"), is an insurance corporation duly and legally formed under the laws of the state of Pennsylvania, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.    Jurisdiction is appropriate in this court as the matter in controversy arises under federal statutes.  Plaintiff is entitled to recover under the civil enforcement provisions of the

Employee Retirement Income Security Act of 1974 (ERISA), specifically including 29 U.S.C. §1132 (a)(1)(B) and 29 U.S.C. §1133. Plaintiff would show that he is a participant in or beneficiary of an employee welfare plan, which includes an insurance policy issued by LINA. Plaintiff brings this action to recover benefits, to enforce his rights under the terms of the plan, to clarify his right to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

4.      In 2014, Plaintiff was employed by Telaid Industries, Inc. as an operations manager when he became disabled.  Plaintiff suffers from uncontrolled hypertension and diabetes mellitus resulting in hyperglycemic attacks, syncope, neuropathy in his left hand and calf, and neuropathy and pain in his right shoulder and arm.  He also has a history of recurrent diverticulitis.  In April, 2015, he was hospitalized for treatment of a gangrenous gallbladder and bile leak, requiring the placement of a Jackson-Pratt drain and stent.

5.      By virtue of his employment, Plaintiff was insured for disability benefits under an insurance policy issued by Defendant to Telaid Industries, Inc,. and insuring Plaintiff.   Plaintiff properly submitted a claim to LINA, identified as Claim No. 3362729.  His claim was denied.

6.      The policy at issue in this case was used in Texas and is subject to Chapter 1701 of the Texas Insurance Code.  It was offered, issued, renewed, or delivered on or after February 1, 2011, and is subject to the laws of Texas.  Any Discretionary Clause is void under Texas law and LINA's decision to deny Plaintiff's claim is subject to *de novo* review pursuant to 28 Tex. Admin. Code § 3.1201.

7.    Plaintiff properly appealed the denial of his claims to LINA, but his final appeal was denied on January 28, 2016. Plaintiff has exhausted all required administrative remedies available to him under the plan. All conditions precedent to this cause of action have been met or have occurred.

8.    Plaintiff's long term disability contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled. June 26, 2017 was his 65th birthday. The contested benefits are for the period September 11, 2014 through June 26, 2017. Assuming a gross monthly disability benefit of $2,811.79 beginning September 11, 2014, a monthly Social Security retirement offset of $1,834.00 through December, 2014, and a Social Security disability benefits offset of $2,283.00 per month for the period December, 2014 to June 26, 2017, Plaintiff's past due long term benefits for the period September 11, 2014 to June 26, 2017 total $20,303.51.

9.    Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits he has been denied, clarification of his right to receive future benefits under the policy, attorney's fees and expenses incurred herein and other appropriate equitable relief.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he have judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits under the policy, to which he may show himself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____

GREG REED
State Bar No. 16677750